KENJI M. PRICE #10523
United States Attorney
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Jul 31, 2020, 6:47 pm
Michelle Rynne, Clerk of Court

MARGARET C. NAMMAR #9045
Assistant U.S. Attorney
United States Attorney's Office
District of Hawaii
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Margaret.Nammar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MAG. NO. 20-00961 KJM |
| | ) | |
| Plaintiff, | ) | CRIMINAL COMPLAINT; |
| | ) | AFFIDAVIT IN SUPPORT OF |
| vs. | ) | CRIMINAL COMPLAINT |
| | ) | |
| JAMES ROE SALVAGGIO   (01) | ) | |
| and | ) | |
| PAUL LOFTUS,   (02) | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **CRIMINAL COMPLAINT**

I, the undersigned complainant, being duly sworn, state the following is true

and correct to the best of my knowledge and belief.

<u>Count 1</u>
Conspiracy to Distribute and Possess with Intent to Distribute Heroin
(21 U.S.C. § 846)

From a precise date unknown, but by at least by June 2020, and continuing to on or about July 31, 2020, within the District of Hawaii and elsewhere, JAMES ROE SALVAGGIO and PAUL LOFTUS, the defendants, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons known and unknown, to distribute and possess with intent to distribute 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 846.

<u>Count 2</u>
Possession with Intent to Distribute Methamphetamine
(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B))

On or about July 31, 2020, within the District of Hawaii, PAUL LOFTUS, the defendant, did knowingly and intentionally possess with intent to distribute 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

<u>Count 3</u>
Possession of Firearm in Furtherance of Drug Trafficking Crime
(18 U.S.C. § 924(c)(1)(A)(i))

On or about July 31, 2020, within the District of Hawaii, PAUL LOFTUS,

the defendant, did knowingly possess a firearm, namely, a 7.62 Daniel Defense

AR-15 style rifle, model DD5, bearing serial number DD5016125, in furtherance

of a drug trafficking crime for which he may be prosecuted in a court of the United

States, that is, the drug trafficking crimes charged in Counts 1 and 2 of this

Criminal Complaint.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

I further state that I am a Special Agent with the Drug Enforcement
Administration and that this Complaint is based upon the facts set forth in the
attached "Affidavit in Support of Criminal Complaint," which is attached hereto
and incorporated herein by reference.

DATED:  Honolulu, Hawaii, July 31, 2020.

GABRIEL GRAY
Special Agent
Drug Enforcement Administration

Sworn to under oath before me telephonically and attestation acknowledged
pursuant to Fed. R. Crim. P. 4.1(b)(2), this 31st day of July, 2020.

Kenneth J. Mansfield
United States Magistrate Judge

3

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, GABRIEL GRAY, being duly sworn, depose and state as follows:

1.      I am a Special Agent with the U.S. Drug Enforcement Administration ("DEA") and have been so employed since September 2019.  I am currently assigned to the Honolulu District Office where I investigate various drug related crimes: drug trafficking, drug manufacturing, and drug sales.  I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of and make arrests for federal felony offenses.

2.      Prior to becoming a Special Agent with the DEA, I was a police officer with the Washington, D.C. Metropolitan Police Department (MPD) until November 2017.  From November 2017 until September 2019, I was employed as a police officer with the San Diego Police Department (SDPD).  During my tenure with both the MPD and the SDPD, I was involved in copious amounts of investigations which stemmed from low-level drug offenses to attempted murder investigations.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers.  This affidavit is intended to show merely that there is sufficient probable cause for the specified violation of federal law and does not set forth all of my

knowledge about this matter.

4.     In approximately June 2020, a defendant (hereinafter "D2"), not charged in this complaint, provided information to law enforcement regarding JAMES ROE SALVAGGIO's drug dealing activities.  D2 stated that ROE SALVAGGIO travels from California to Hawaii with heroin in his carry-on luggage for distribution.  Law enforcement also had information that PAUL LOFTUS would often pick ROE SALVAGGIO up from the airport and bring ROE SALVAGGIO to LOFTUS's residence.

5.     On July 30, 2020, law enforcement learned ROE SALVAGGIO was arriving in Honolulu, Hawaii.  Upon ROE SALVAGGIO arriving in Hawaii and successfully passing through the COVID-19 quarantine inspection at the Honolulu International Airport, law enforcement followed ROE SALVAGGIO as he rode in a taxi towards Waikiki.  Instead of traveling to the hotel where ROE SALVAGGIO had indicated he was staying on his "Mandatory Travel Declaration Form," ROE SALVAGGIO was dropped off by the taxi at a residence located in Honolulu zip code 96815—the residence at which LOFTUS is known to reside.  Law enforcement witnessed ROE SALVAGGIO walk up to the residence with five carry-on bags in his possession.

6.     At approximately 9:00 p.m., ROE SALVAGGIO departed the residence with the same carry-on bags and got into a rideshare vehicle that took off

2

driving toward Waikiki.  Approximately five minutes later, law enforcement conducted a traffic stop on the rideshare vehicle in which ROE SALVAGGIO was in.  A search of the exterior of the vehicle, using the drug detection canine, was conducted, at which time the canine alerted to the odor of controlled substances emanating from the vehicle.  A search of the contents of the vehicle was subsequently conducted, at which time approximately 1.35 kilograms of heroin was located inside of ROE SALVAGGIO's carry-on luggage, concealed within his clothing.

7.     Law enforcement subsequently applied for and received a search warrant for LOFTUS's residence.  As a result of the search, law enforcement seized from within the residence approximately 48 grams of methamphetamine and approximately 44 grams of heroin, both confirmed by field-test, and a 7.62 Daniel Defense AR-15 style rifle.  Also located inside the residence was LOFTUS.

8.     I know from my training and experience that these amounts of controlled substances are consistent with drug distribution.

//

//

//

//

//

3

9.      Based on the foregoing facts, I respectfully submit that probable cause exists to believe that JAMES ROE SALVAGGIO and PAUL LOFTUS, the defendants, committed the aforementioned offenses.

DATED: Honolulu, Hawaii, July 31, 2020.

Respectfully submitted,

GABRIEL GRAY
Special Agent
Drug Enforcement Administration

This Criminal Complaint and Agent's Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at 6:41 p.m. on July 31, 2020.

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed. R. Crim. P. 4.1(b)(2), this 31st day of July 2020.

Kenneth J. Mansfield
United States Magistrate Judge

4